UNITED STATES, Appellee

v.

Steven H. BONNER, Airman First Class
U.S. Air Force, Appellant

No. 10-0567

Crim. App. No. 37371

United States Court of Appeals for the Armed Forces

Argued January 12, 2011

Decided April 14, 2011

STUCKY, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN and RYAN, JJ., joined. BAKER, J., filed a
separate opinion concurring in the result.


Counsel


For Appellant: Major Darrin K. Johns (argued); Colonel Eric N.
Eklund and Lieutenant Colonel Gail E. Crawford (on brief);
Colonel James B. Roan and Major Bryan A. Bonner.

For Appellee: Captain Joseph J. Kubler (argued); Gerald R.
Bruce, Esq., and Major Coretta E. Gray (on brief).

Military Judge: Don M. Christensen


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Bonner, No. 10-0567/AF

Judge STUCKY delivered the opinion of the Court.

We granted review to determine whether assault consummated by a battery, Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928 (2006), is a lesser included offense (LIO) of wrongful sexual contact, Article 120(m), UCMJ, 10 U.S.C. § 920(m) (2006).  We hold that it is.

I.

A.

Appellant pled guilty to several charges and not guilty to three specifications of wrongful sexual contact in violation of Article 120(m), UCMJ.  A general court-martial composed of officers and enlisted members found Appellant guilty of two specifications of wrongful sexual contact and one specification of assault consummated by a battery in violation of Article 128, UCMJ.  The latter conviction is the subject of this appeal.

Appellant was sentenced to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.  The convening authority approved the findings and sentence, and the United States Air Force Court of Criminal Appeals (CCA) affirmed.  United States v. Bonner, No. 37371, 2010 CCA LEXIS 121, at *10, 2010 WL 2265643, at *3 (A.F. Ct. Crim. App. Apr. 19, 2010).

2

B.

This case involves an attempt at humor which went seriously wrong. The specification at issue alleged that Appellant did, on February 3, 2008, "engage in sexual contact with [the victim], to wit: tap [the victim] on the head with his exposed penis, and such sexual contact was without legal justification or lawful authorization and without the permission of [the victim]." The evidence established that the victim had fallen asleep on the couch while watching the Super Bowl with some friends. Apparently trying to be funny, Appellant took his penis out of his pants and tapped it on the victim's forehead. At trial, the military judge instructed the court members that assault consummated by a battery was an LIO of wrongful sexual contact. Despite Appellant arguing at trial that the "the theory throughout has been that [Appellant was] guilty of assault consummated by a battery," Appellant now argues that the military judge erred in giving the LIO instruction.

II.

"An accused may be found guilty of an offense necessarily included in the offense charged . . . ." Article 79, UCMJ, 10 U.S.C. § 879 (2006). We have held that Article 79 requires application of the elements test to determine whether one offense is an LIO of a charged offense. United States v. Jones, 68 M.J. 465, 472 (C.A.A.F. 2010). Under the elements test,

"'the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction [regarding a lesser included offense] is to be given.'" United States v. Alston, 69 M.J. 214, 216 (C.A.A.F. 2010) (alteration in original) (quoting Schmuck v. United States, 489 U.S. 705, 716 (1989)).

However, the elements test "does not require that the two offenses at issue employ identical statutory language." Id. Instead, after applying the "'normal principles of statutory construction,'" we ask whether the elements of the alleged LIO are a subset of the elements for the charged offense. Id. (quoting Carter v. United States, 530 U.S. 255, 263 (2000)).

Thus, we first determine the elements of the charged offense and the alleged LIO by applying the principles of statutory construction. Then, we compare the elements of the two offenses to see if the latter is a subset of the former.

III.

A.

The specification at issue alleged, under Article 120, UCMJ, that Appellant did "engage in sexual contact with [the victim], to wit: tap [the victim] on the head with his exposed penis, and such sexual contact was without legal justification

or lawful authorization and without the permission of [the victim]." The specification alleges the offense of wrongful sexual contact. Article 120(m), UCMJ; see Manual for Courts-Martial, United States pt. IV, para. 45.g.(13) (2008 ed.) (MCM) (sample specification).

The offense of wrongful sexual contact occurs when "[a]ny person subject to this chapter . . . without legal justification or lawful authorization, engages in sexual contact with another person without that other person's permission . . . ." Article 120(m), UCMJ. The President, in the MCM, has defined the elements for wrongful sexual contact as follows: "(a) [t]hat the accused had sexual contact with another person; (b) [t]hat the accused did so without that other person's permission; and (c) [t]hat the accused had no legal justification or lawful authorization for that sexual contact." MCM pt. IV, para. 45.b.(13). After reviewing the text of the statute, we agree with the President that the elements listed in the MCM are the elements for the offense alleged in the specification -- wrongful sexual contact. Our next task is to determine what each element actually means.

First, the UCMJ defines sexual contact, in relevant part, as "intentionally causing another person to touch . . . the genitalia . . . of any person, with an intent to abuse, humiliate, or degrade any person or to arouse or gratify the

sexual desire of any person." Article 120(t)(2), UCMJ. Second, the statute requires the contact to be without permission. Third, the final element requires that the sexual contact was wrongful, in that no legally cognizable reason existed that would excuse or justify the contact.

B.

The offense of assault occurs when "[a]ny person subject to this chapter who attempts or offers with unlawful force or violence to do bodily harm to another person, whether or not the attempt or offer is consummated . . . ." Article 128, UCMJ. We have previously held that the elements for an assault consummated by a battery are: "(1) '[t]hat the accused did bodily harm to a certain person; and' (2) '[t]hat the bodily harm was done with unlawful force or violence.'" United States v. Johnson, 54 M.J. 67, 69 (C.A.A.F. 2000) (quoting MCM pt. IV, para. 54.b.(2) (1995 ed.)). Again we must determine the meaning of each element.

First, doing bodily harm means committing "'any offensive touching of another, however slight.'" Id. (quoting MCM pt. IV, para. 54.c.(1)(a)); see also United States v. Sever, 39 M.J. 1, 4 (C.M.A. 1994) (noting that although kissing "implies a minimum use of force, [it] is sufficient for [assault consummated by a battery]"). Unlawful force or violence means that the accused wrongfully caused the contact, in that no legally cognizable

6

reason existed that would excuse or justify the contact.  See

Johnson, 54 M.J. at 69 (recognizing that legal excuses or

justifications, such as consent, may negate the offensiveness of

the touching).  Having delineated the elements for each offense

and discerned their meaning, we are now prepared to compare

them.

## IV.

In comparing the elements of the offenses, we find that

assault consummated by a battery is an LIO of wrongful sexual

contact.  Both offenses require wrongful contact.  Furthermore,

because Appellant was charged with wrongful sexual contact, he

knew that he had to defend against having caused the victim to

make contact with his genitalia without the victim's permission

and with the intent of abusing, humiliating, or degrading the

victim.  See Articles 120(m), (t)(2), UCMJ.  Such contact would,

at a minimum, be offensive given the ordinary understanding of

what it means for contact to be offensive.  See Johnson, 54 M.J.

at 69; cf. Alston, 69 M.J. at 216.

In fact, one could transplant the essential facts from the

wrongful sexual contact specification, without alteration, into

a legally sufficient specification for assault consummated by a

battery under Article 128, UCMJ -- Appellant did on February 3,

2008, unlawfully "tap [the victim] on the head with his exposed

penis, and such . . . contact was without legal justification or

lawful authorization and without the permission of [the victim]."  See MCM pt. IV, para. 54.f.(2).  For these reasons, we conclude that assault consummated by a battery is a lesser included offense of wrongful sexual contact.

V.

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Bonner, No. 10-0567/AF

BAKER, Judge (concurring in the result):

I concur in the result based on United States v. Alston, 69 M.J. 214 (C.A.A.F. 2010), and my dissent in United States v. Jones, 68 M.J. 465, 473 (C.A.A.F. 2010) (Baker, J., dissenting).