# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, BERG,[*] and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CHRISTOPHER L. COVINGTON**
**United States Army, Appellant**

ARMY 20090877

Headquarters, Combined Joint Task Force 82
Robert Rigsby, Military Judge
Lieutenant Colonel Jeffrey C. Hagler, Staff Judge Advocate

For Appellant: Captain Tiffany K. Dewell, JA; Daniel Conway, Esquire (on brief).

For Appellee: Major Amber J. Williams, JA; Captain Chad M. Fisher, JA; Captain Ryan D. Pyles, JA (on brief).

21 December 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of maltreatment, wrongful sexual contact, and three specifications of soliciting another to commit sodomy, in violation of Articles 93, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 920, and 934 (2008) [hereinafter UCMJ]. *See Manual for Courts-Martial*, *United States*, (2008 ed.) [hereinafter *MCM*], Part IV, para. 105.b. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for four years, and reduction to the grade of E1. Appellant raises six assignments of error, two of which merit discussion.

---

[*] Judge BERG took final action in this case while on active duty.

COVINGTON—ARMY 20090877

*Factual Insufficiency of the Wrongful Sexual Contact Charge*

This case is before us for review under Article 66, UCMJ, which provides that a Court of Criminal Appeals "may affirm only such findings of guilty . . . as it finds correct in law and fact." In performing our duty, we must conduct a de novo review of factual sufficiency. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). This review for factual sufficiency "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *Id.*

To commit the offense of wrongful sexual contact as alleged in Charge II, appellant must be proved to have, *inter alia*, intentionally touched the inner thigh of PFC DB *See* UCMJ art. 120(t)(2); *United States v. Bonner*, 70 M.J. 1 (C.A.A.F. 2011). In this case, we are not convinced beyond a reasonable doubt that appellant's hand ever touched PFC DB's inner thigh. Nonetheless, appellant specifically intended to do so and his actions constituted more than mere preparation. Consequently, we are convinced beyond a reasonable doubt that appellant attempted to touch PFC DB's inner thigh, and we will affirm a finding of guilty to the lesser-included offense of attempted wrongful sexual contact. *See* UCMJ arts. 59(b), and 79.

*The Charge IV Specifications State an Article 134 Offense*

Here, appellant pleaded not guilty to charges of soliciting others to commit an offense—which in this case did not expressly allege that appellant's conduct was to the prejudice of good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces. Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __ M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)). *Cf. Fosler*, 70 M.J. at 230. *See United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984). This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

Appellant did not object to the language of the charge and its specifications at trial. Facially, the language of the charge and specifications in this case embraces an allegation of conduct which is prejudicial to good order and discipline and

service-discrediting. In total, the charge and specifications state that appellant, a noncommissioned officer, solicited other soldiers (in most cases, junior enlisted soldiers) to engage in oral sodomy in a combat zone in violation of Article 134, UCMJ. These allegations necessarily imply conduct in violation of the terminal elements. This textual relationship of necessary implication provided appellant with fair notice, as did the factual detail alleged in the charge and specifications themselves. *See, e.g.*, *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994) (holding a maltreatment specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). *See also MCM*, 2002, Part IV, para. 60.c.(6)(a). Finally, these very factual allegations combined with the record of trial sufficiently protect appellant against double jeopardy. Accordingly, the specifications of Charge IV expressly allege or necessarily imply all of the elements of the offense of solicitation of another to commit sodomy, in violation of Article 134, UCMJ, so as to provide appellant with notice and protect him against being placed twice in jeopardy.

## CONCLUSION

The court affirms only so much of the finding of guilty of the Specification of Charge II as finds that appellant "US Army, did, at or near FOB Salerno, Afghanistan, on or about 30 April 2009, attempt to engage in sexual contact with PFC DB by intentionally moving his hand toward PFC DB's inner thigh, without legal justification or lawful authorization and without the permission of PFC DB, in violation of Article 80, UCMJ." The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3