# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ROBERTO L. QUINONEZ**
**United States Army, Appellant**

ARMY 20110211

Headquarters, Fort Bliss
David H. Robertson and Patrick J. Parrish, Military Judges
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain Sean P. Fitzgibbon, JA (on brief).

14 June 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of maltreatment, wrongful sexual contact (two specifications), assault consummated by a battery (two specifications), and unlawful entry, in violation of Articles 93, 120(m), 128, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 893, 920(m), 928, 934 (2006 & Supp III 2009), *amended by* 10 U.S.C. § 920 (2012).  *See Manual for Courts-Martial*, *United States* (2012 ed.), pt. IV, ¶ 111.b.  Pursuant to his pleas, appellant was also convicted of dereliction of duty in violation of Article 92, UCMJ.  The military judge sentenced appellant to a bad-conduct discharge, confinement for two years, and reduction to

the grade of E-1.  The convening authority reduced appellant's sentence to confinement by one month and approved the remainder of the adjudged sentence.[1]

Appellant's case is before this court for review pursuant to Article 66, UCMJ.  Appellant raises three assignments of error, two of which merit discussion and one of which merits relief.[2]  Appellant argues, *inter alia*, his convictions for assault consummated by a battery are multiplicious and his convictions for wrongful sexual contact represent an unreasonable multiplication of charges.  The government concedes, and we agree, that the assault convictions are multiplicious and must be set aside.  However, we conclude appellant's remaining convictions for wrongful sexual contact do not constitute an unreasonable multiplication of charges.

Appellant's assault consummated by a battery convictions are based on the same criminal conduct as his wrongful sexual contact convictions.  In *United States v. Bonner*, 70 M.J. 1, 3 (C.A.A.F. 2011), our superior court held that assault consummated by a battery is a lesser-included offense of wrongful sexual contact.  "The Fifth Amendment protection against double jeopardy provides that an accused cannot be convicted of both an offense and a lesser-included offense.  *See* Article 44(a), UCMJ, 10 U.S.C. § 844(a) (2000); *Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993).  Charges reflecting both an offense and a lesser-included offense are impermissibly multiplicious."  *United States v. Hudson*, 59 M.J. 357, 358 (C.A.A.F. 2004), *overruled on other grounds by United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010).  Accordingly, appellant's convictions for assault consummated by a battery are multiplicious and must be set aside.

However, we conclude appellant's remaining convictions for wrongful sexual contact do not represent an unreasonable multiplication of charges.  "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."  Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4).  *See United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (creating a five-part test to determine whether charges have been unreasonably multiplied).  On balance, we find the *Quiroz* factors do not weigh in appellant's favor.  Appellant's wrongful sexual contact convictions are aimed at distinct

---

[1] The convening authority waived the automatic forfeitures required by Article 58b, UCMJ, from the effective date of the sentence until 15 April 2011, with direction that those funds be paid to appellant's spouse.

[2]  We have reviewed appellant's final assignment of error and conclude that it lacks merit.  *See United States v. Gaskins*, 72 M.J. 225 (C.A.A.F. 2013); *United States v. Goings*, 72 M.J. 202 (C.A.A.F. 2013).

criminal acts, and therefore do not exaggerate his criminality or unfairly subject him to an increase in punishment. Accordingly, we conclude appellant's wrongful sexual contact convictions do not constitute an unreasonable multiplication of charges. *See United States v. Campbell*, 71 M.J. 19, 24–5 (C.A.A.F. 2012) (noting that when each act "implicated multiple and significant criminal law interests, none necessarily dependent on the others," charging the acts separately did not constitute an unreasonable multiplication of charges).

## CONCLUSION

The findings of guilty of Specifications 1 and 2 of Charge IV, and Charge IV, are set aside and that charge and its specifications are dismissed. On consideration of the entire record, the assigned errors, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the remaining findings are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored. *See* UCMJ art. 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court