*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

―――――――――

### UNITED STATES
Appellee

**v.**

### Quantaus R. RIGGINS, Staff Sergeant
United States Marine Corps, Appellant

**No. 15-0334**

Crim. App. No. 201400046

Argued October 27, 2015—Decided January 7, 2016

Military Judges:  N. K. Hudspeth and C. M. Greer

For Appellant: *Jeffrey S. Stephens,* Esq. (argued); *Lieutenant R. Andrew Austria*, JAGC, USN.

For Appellee: *Lieutenant Amy L. Freyermuth*, JAGC, USN (argued); *Colonel Mark K. Jamison*, USMC, *Lieutenant Commander Keith B. Lofland*, JAGC, USN; *Captain Matthew M. Harris*, USMC, and *Brian K. Keller,* Esq. (on brief).

Judge OHLSON delivered the opinion of the Court, in which Chief Judge ERDMANN, Judges STUCKY and RYAN, and Senior Judge LAMBERTH, joined.

―――――――――

Judge OHLSON delivered the opinion of the Court.[1]

We granted review in this case to determine whether assault consummated by a battery, Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928 (2012), is a lesser included offense of sexual assault and abusive sexual contact, Article 120, UCMJ, 10 U.S.C. § 920 (2012). We conclude that the former offense was not a lesser included offense of the latter offenses under the particular circumstances presented in the instant case. Specifically, we hold that the Article 120, UCMJ, offenses with which Appellant was originally charged did not require the Government to prove a

―――――――――

[1] Senior Judge Royce C. Lamberth, of the United States District Court for the District of Columbia, sat by designation, pursuant to Article 142(f), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 942(f) (2012).

lack of consent, but the Article 128, UCMJ, offense of which Appellant ultimately was convicted did. We further hold that the original specifications did not include an element requiring that the bodily harm be done with unlawful force or violence, but the Article 128, UCMJ, offense of which Appellant ultimately was convicted did. As a consequence, the Article 128, UCMJ, offense was not a lesser included offense of the Article 120, UCMJ, offenses, and Appellant did not receive fair notice of what offense and under what legal theory he was tried and ultimately convicted. Accordingly, we reverse the decision of the United States Navy-Marine Corps Court of Criminal Appeals (CCA) and remand this case for further proceedings consistent with this opinion.

## I. FACTS

During the relevant time period, Appellant was a staff sergeant assigned to the Second Marine Logistics Group aboard Camp Lejeune, North Carolina. LCpl MS was assigned to the 8th Engineer Support Battalion as a member of Support Utilities where Appellant served as a staff non-commissioned officer until March 1, 2013. Appellant was transferred to other duties on March 1 to prepare for an Afghanistan deployment, but he still had authority to issue orders to members of the unit.

On March 20, 2013, Appellant returned to the shop and directed LCpl MS to pick up doughnuts for the unit. He also informed LCpl MS that he needed "that sexual favor." LCpl MS drove to the doughnut shop in her car while Appellant followed in his truck. After parking, Appellant told LCpl MS to get in his truck and she complied. In the truck, Appellant started asking LCpl MS for "sexual favors," but LCpl MS declined "[n]umerous times."

LCpl MS agreed with Appellant's suggestion that they "go on a ride" and Appellant drove LCpl MS to his on-base home, parked his truck in the garage, and closed the garage door. In the garage, Appellant resumed his requests for sexual favors and LCpl MS continued to tell him "no." Appellant placed his hand on LCpl MS's vagina over her clothing and LCpl MS pushed his hand away and cried. Appellant then started "pretty much begging about sex" and LCpl MS displayed her breast in the hope Appellant "would just leave [her] alone." Appellant put his mouth on LCpl MS's nipple,

but LCpl MS pushed Appellant off and repositioned her bra and shirt to cover her breast. Appellant next asked LCpl MS to masturbate him and she agreed.

LCpl MS then entered Appellant's house and sat on the living room couch. There, Appellant pulled down his pants and LCpl MS touched his penis. She later testified at trial that she did so because she was "scared that I was going to get NJP'd,[2] that my Wounded Warrior package was going to be dropped." Appellant then undid LCpl MS's pants and inserted his finger in her vagina for "a couple of seconds." LCpl MS complied with Appellant's request that she expose her breasts, which resulted in Appellant placing his penis between her breasts. Appellant finally pulled down LCpl MS's pants, inserted his penis in her vagina for a "couple of minutes," and removed his penis to ejaculate on her. LCpl MS testified that by this point, she "just wanted to go ahead and get it over with because [Appellant] wasn't taking no as an answer."

## II. PROCEDURAL HISTORY

The Government charged Appellant with, among other offenses, two specifications of sexual assault and three specifications of abusive sexual contact, in violation of Article 120, UCMJ. These charges alleged that Appellant:

> did, at or near Camp Lejeune, North Carolina, on or about 20 March 2013, commit sexual contact upon [LCpl MS], U.S. Marine Corps, to wit: touching her vagina with his hand, by placing the said [LCpl MS] in fear that, through the use or abuse of military position, rank, or authority, he would affect her military career.
>
> … did, at or near Camp Lejeune, North Carolina, on or about 20 March 2013, commit sexual contact upon [LCpl MS], U.S. Marine Corps, to wit: touching her breast with his lips, by placing the said [LCpl MS] in fear that, through the use or abuse of military position, rank, or authority, he would affect her military career.
> ….

---

[2] The term "NJP'd" refers to receiving nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815 (2012).

> … did, at or near Camp Lejeune, North Carolina, on or about 20 March 2013, commit sexual contact upon [LCpl MS], U.S. Marine Corps, to wit: touching her breast with his penis, by placing the said [LCpl MS] in fear that, through the use or abuse of military position, rank, or authority, he would affect her military career.
>
> … did, at or near Camp Lejeune, North Carolina, on or about 20 March 2013, commit a sexual act upon [LCpl MS], U.S. Marine Corps, to wit: penetration of … her vulva with his finger, by placing the said [LCpl MS] in fear that, through the use or abuse of military position, rank, or authority, he would affect her military career.
>
> … did, at or near Camp Lejeune, North Carolina, on or about 20 March 2013, commit a sexual act upon [LCpl MS], U.S. Marine Corps, to wit: penetration of … her vulva with his penis, by placing the said [LCpl MS] in fear that, through the use or abuse of military position, rank, or authority, he would affect her military career.

The convening authority referred these specifications to a general court-martial. Appellant pleaded not guilty to these specifications and a contested trial was held before a military judge alone.

Following the close of evidence and in the midst of his deliberations, the military judge reconvened the court-martial and stated the following for the record:

> I sent a note to counsel approximately 15 minutes ago to ask them to be prepared to discuss with me a potential lesser included offense[]. This is something that, obviously with members, we would've taken up in a 39(a) session prior to instructions on findings and it's an area that I wanted to have counsel have an opportunity to make a comment on with regard to lesser included offenses rather than just press on.
>
> I think it's important that I have counsel's thoughts with regard to lesser included offenses before I complete my deliberations. Specifically, lesser included offense with regard to the Article 120 charges. I don't believe there's lesser included offenses on the other charges, but certainly under the Article

120 charge, specifically assault consummated by a battery is a potential lesser included offense.

We are at a bit of a disadvantage given the fact that Article 120, the Article 120 law under which we are currently operating doesn't have a listing of lesser included offenses, so I took a look at the previous Article 120 and obviously assault consummated by a battery has, has I'll say traditionally been a lesser included offense of sexual assault or abusive sexual contact.

The Government agreed with the military judge that "an Article 128 violation would be a lesser included offense of the [Article] 120 charges initiated." However, Appellant's counsel disagreed, arguing that an assault consummated by a battery offense contained a lack of consent element not contained in the Article 120, UCMJ, violations. He then noted that there was a stipulation that the sexual activity had occurred, and argued that he had been "able to disprove what the Government charged" in the original specifications by demonstrating that, at the time of the sexual activity, LCpl MS was not in fear that Appellant could affect her military career because she already had received the nonjudicial punishment which she claimed at trial had been "looming over" her, and her Wounded Warrior Packet "had already been brought forward." Appellant's counsel concluded by noting that if the original specifications had not specifically cited the fact that the sexual acts and sexual contact had been achieved through placing LCpl MS in fear, he would have sought "a bill of particulars" from the Government.

After hearing argument by both parties, the military judge conducted additional deliberations. The military judge acquitted Appellant of the two sexual assault specifications and the three abusive sexual contact specifications, but convicted Appellant of the lesser included offense of assault consummated by a battery for each specification.[3] In special

---

[3] In addition, contrary to Appellant's pleas, the military judge convicted Appellant of one specification each of violating a lawful general order and communicating indecent language, in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934, and pursuant to his pleas, the military judge convicted Appellant of one specification each of violating a lawful general order, making a

findings, the military judge determined that LCpl MS was not placed in fear of Appellant affecting her military career, as charged, but instead was "pressured in an unrelenting manner by a Marine of superior rank" into having sex. The military judge sentenced Appellant to confinement for three years, a reduction to E-1, and a bad-conduct discharge, and the convening authority approved this adjudged sentence.

On appeal to the CCA, Appellant challenged whether assault consummated by a battery is a lesser included offense of sexual assault and abusive sexual contact. The CCA concluded that it was a lesser included offense, holding that the Government could not prove sexual assault or abusive sexual contact "by threatening or placing that other person in fear without necessarily proving assault consummated by a battery, because one cannot prove a legal inability to consent without necessarily proving a lack of consent." *United States v. Riggins*, No. 201400046, 2014 CCA LEXIS 864, at *14, 2014 WL 6734827, at *5 (N-M. Ct. Crim. App. Nov. 26, 2014). The CCA affirmed the approved findings and sentence.

We granted Appellant's petition on the following issue:

> Whether the lower court erred in deciding a question of law which has not been, but should be, settled by this Court when it held that assault consummated by battery was a lesser included offense to abusive sexual contact and sexual assault.

*United States v. Riggins*, 74 M.J. 322 (C.A.A.F. 2015). For the reasons set forth below, we hold that under the particular circumstances presented in the instant case, assault consummated by a battery is not a lesser included offense of sexual assault and abusive sexual contact.

III. THE LAW

We conduct a de novo review to determine whether one offense is a lesser included of another. *United States v. Tunstall*, 72 M.J. 191, 193 (C.A.A.F. 2013).

Article 79, UCMJ, 10 U.S.C. § 879 (2012), permits an accused to "be found guilty of an offense necessarily included

---

false official statement, and adultery, in violation of Articles 92, 107, and 134, UCMJ, 10 U.S.C. §§ 892, 907, 934 (2012).

in the offense charged." This Article provides the statutory authority for a military judge to convict on, and an appellate court to affirm on, a lesser included offense. *United States v. Girouard*, 70 M.J. 5, 9 (C.A.A.F. 2011).

The elements test determines whether one offense is a lesser included offense of another. *United States v. Jones*, 68 M.J. 465, 470 (C.A.A.F. 2010). This test compares the elements of each offense as follows:

> If all of the elements of offense X are also elements of offense Y, then X is [a lesser included offense] of Y. Offense Y is called the greater offense because it contains all of the elements of offense X along with one or more additional elements.

*Tunstall*, 72 M.J. at 194 (quoting *Jones*, 68 M.J. at 470). There is no requirement "'that the two offenses at issue employ identical statutory language.'" *United States v. Bonner*, 70 M.J. 1, 2 (C.A.A.F. 2011) (quoting *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010)). Courts instead apply normal rules of statutory interpretation and construction to "'determine whether the elements of the [lesser included offense] would necessarily be proven by proving the elements of the greater offense.'" *United States v. Gaskins*, 72 M.J. 225, 235 (C.A.A.F. 2013) (quoting *United States v. Wilkins*, 71 M.J. 410, 412 (C.A.A.F. 2012)). In making this lesser included offense determination, courts examine the offense "in the context of the charge at issue." *Alston*, 69 M.J. at 216.

The elements test provides "notice to [an accused] that he may be convicted" of the greater offense or the lesser included offense. *Schmuck v. United States*, 489 U.S. 705, 718 (1989). In several cases we have stated that a lesser included offense "meets this notice requirement if 'it is a subset of the greater offense alleged.'" *See, e.g., Jones,* 68 M.J. at 468. (quoting *United States v. Medina,* 66 M.J. 21, 27 (C.A.A.F. 2008)); *see also Gaskins,* 72 M.J. at 235; *Bonner,* 70 M.J. at 2; *Alston,* 69 M.J. at 216. This notice is critical because "[t]he due process principle of fair notice mandates that 'an accused has a right to know what offense and under what legal theory' he will be" tried and convicted. *Jones*, 68 M.J. at 468 (quoting *Medina*, 66 M.J. at 26).

IV. ANALYSIS

The elements of assault consummated by a battery are:

(1) That the accused did bodily harm[4] to a certain person; and

(2) That the bodily harm was done with unlawful force or violence.[5]

*Manual for Courts-Martial, United States* pt. IV, para. 54.b.(2) (2012 ed.) (*MCM*); *see also Bonner*, 70 M.J. at 3. The *Manual* requires that assault consummated by a battery "be done without legal justification or excuse *and without the lawful consent of the person affected.*" *MCM* pt. IV, para. 54.c.(1)(a) (emphasis added). We therefore have previously held that lack of consent is an element of the offense of assault consummated by a battery. *United States v. Johnson*, 54 M.J. 67, 69 n.3 (C.A.A.F. 2000) (noting that Government must "prove each and every element of the assault consummated by a battery, one of which is lack of consent").

The elements of sexual assault are:

(1) The accused committed a sexual act with another person; and

(2) The sexual act was accomplished by placing the other person in fear.

*See* Article 120(b)(1)(A), UCMJ.

The elements of abusive sexual contact are:

(1) The accused engaged in sexual contact with another person; and

(2) The sexual contact was accomplished by placing the other person in fear.

*See* Article 120(b)(1)(A), (d), UCMJ.

As can be seen, unlike assault consummated by a battery, lack of consent is not an element of either of the sexual

---

[4] "[B]odily harm" is "'any offensive touching of another, however slight.'" *Bonner*, 70 M.J. at 3 (quoting *United States v. Johnson*, 54 M.J. 67, 69 (C.A.A.F. 2000)); *see also MCM* pt. IV, para. 54.c.(1)(a).

[5] "Unlawful force or violence means that the accused wrongfully caused the contact, in that no legally cognizable reason existed that would excuse or justify the contact." *Bonner*, 70 M.J. at 3.

assault or abusive sexual contact offenses as charged. There-fore, in the instant case, an Article 128, UCMJ, offense can-not be considered a lesser included offense of an Article 120, UCMJ, offense. *See Alston*, 69 M.J. at 216 (noting that an offense is not a lesser included offense when it requires an element that is not an element of the greater offense); *Jones*, 68 M.J. at 473 (concluding that offense was not a lesser in-cluded offense where it did not include the elements of the greater offense).

We note, of course, that for both of the Article 120, UCMJ, offenses charged in the instant case a "[l]ack of ver-bal or physical resistance or submission resulting from … placing another person in fear does not constitute consent." Article 120(g)(8)(A), UCMJ. However, the fact that the Gov-ernment was required to prove a set of facts that resulted in LCpl MS's *legal inability to consent* was not the equivalent of the Government bearing the affirmative responsibility to prove that LCpl MS *did not, in fact, consent*.[6]

We also note that by charging Appellant with Article 120, UCMJ, offenses and by solely alleging that Appellant had placed LCpl MS in fear of her military career, the Gov-ernment had effectively removed from the equation at trial any issue of consent. Accordingly, Appellant was not on no-tice that he needed to, or even could, defend against the charges by contesting the issue of lack of consent.

This lack of notice was exacerbated in the instant case by the fact that the military judge developed and ap-plied what was, in essence, a new legal theory—one that was never charged or argued by the Government—in the middle of his own deliberations in this case. This legal theory, which posited that LCpl MS was *not* placed in fear of her military

---

**6** The UCMJ's definition of "consent" indicates as a matter of law that placing the victim in fear prevents consent. *See* Article 120(g)(8)(A), UCMJ. Therefore, evidence regarding whether the alleged victim knowingly, willingly, and lawfully consented could certainly be relevant to the fact-finder's determination of whether the Government proved the placed-in-fear element beyond a rea-sonable doubt. However, the introduction of such evidence is not required under the provisions of the UCMJ. Indeed, in the instant case, the Government's theory at the court-martial never men-tioned the consent of the victim.

career but instead gave in to a higher-ranking Marine's un-relenting pressure to have sex, ran counter to what the Government had alleged in its charging documents. Thus, Appellant was deprived of his right to know what offense and under what legal theory he was going to be tried and convicted. *Jones*, 68 M.J. at 468.

In deciding this case, we further observe that the "placing in fear" element of the sexual assault and abusive sexual contact offenses is different from the "unlawful force or violence" element of the assault consummated by a battery offense. Specifically, the "placing in fear" element requires "a communication or action that is of sufficient consequence to cause a reasonable fear that non-compliance will result in the victim or another person being subjected to the wrongful action contemplated by the communication or action." Article 120(g)(7), UCMJ. Thus, under the original charges in the instant case, it was sufficient for the Government to merely prove that LCpl MS was fearful that Appellant would negatively affect her military career. However, "unlawful force or violence" under Article 128, UCMJ, requires the Government to prove an application of *physical* force. *See Bonner*, 70 M.J. at 3; *Lamb v. State*, 613 A.2d 402, 413–14 (Md. Ct. Spec. App. 1992) (noting that force and violence for purposes of battery "'include any application of force'" even if it does not cause injury so long as it is unlawful (quoting R. Perkins, *Criminal Law* 152–53 (3d ed. 1982)), *cited with approval in United States v. Anzalone*, 41 M.J. 142, 147 (C.M.A. 1994); *cf. United States v. Behenna*, 71 M.J. 228, 233–34 (C.A.A.F. 2012) (distinguishing between offer-type of assault, which requires fear of imminent bodily harm, and assault consummated by a battery, which focuses on "actual bodily harm").

This distinction between physical contact (for assault consummated by a battery) and a mental state of fear concerning the potential effect on the victim's military career (for sexual assault and abusive sexual contact) further demonstrates that assault consummated by a battery contains an element that is not included in the sexual assault and abusive sexual contact offenses charged here.[7] *Cf. Unit-*

---

[7] Our holding in this case does not foreclose the possibility that in other cases the Government may charge an accused with sexual assault and/or abusive sexual contact in such a manner that assault consummated by a battery may be a lesser included

*ed States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (noting that showing of fear is not required for crime of assault in which battery occurred); *United States v. Boyles*, 57 F.3d 535, 544 (7th Cir. 1995) ("'Fear' and 'threats' are different from 'force.'"); *United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974) (stating that fear is not "necessary to make a battery actionable under [18 U.S.C. § 111]"). As a consequence, we hold that assault consummated by a battery is not a lesser included offense of sexual assault or abusive sexual contact as charged in this case. We therefore conclude that Appellant's conviction for assault consummated by a battery violated his "constitutional rights to notice and to not be convicted of a crime that is not [a lesser included offense] of the offense[s] with which [Appellant] was charged." *Girouard*, 70 M.J. at 10. Such a constitutional error does not require automatic reversal, however, and instead is tested for prejudice. *See United States v. McMurrin*, 70 M.J. 15, 20 (C.A.A.F. 2011). "A constitutional error is harmless when it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. Esparza,* 540 U.S. 12, 17-18 (2003) (citation and internal quotation marks omitted); *see also United States v. Mott,* 73 M.J. 319, 332 (C.A.A.F. 2013). For preserved constitutional errors, such as in the instant case, the Government bears the burden of establishing that the error is harmless beyond a reasonable doubt. *See United States v. Flores*, 69 M.J. 366, 369 (C.A.A.F. 2011).

The Government has not met its burden in this case. As noted above, the specifications at issue did not mention lack of consent, the Government did not raise the issue of lack of consent in the course of the trial but instead relied on the theory that the sexual activity resulted from LCpl MS being in fear of Appellant, and Appellant tailored his defense to rebut the allegation that LCpl MS was "afraid [of] the Wounded Warrior package being tampered with and … of the looming NJP actually taking place." The military judge then found Appellant guilty, issuing special findings containing a specific rationale neither advanced by the Government nor defended by Appellant. Cumulatively, these

---

offense. A specification placing the accused on notice of fear of bodily harm and raising the issue of consent may well lead to a different result than the one here. However, we need not reach that issue in deciding the instant case.

points inarguably demonstrate prejudice to Appellant. *Girouard*, 70 M.J. at 11 (finding prejudice where the appellant did not agree to the lesser included offense, appellant did not defend on the lesser included offense, and the government's theory was not tried on the lesser included offense); *McMurrin*, 70 M.J. at 20; *Jones*, 68 M.J. at 473 n.11 (finding prejudice where case not tried on lesser included offense theory and the issue was not addressed until after the parties presented evidence).[8]

## V. DECISION

We reverse the decision of the United States Navy-Marine Corps Court of Criminal Appeals as to the findings under the Additional Charge and the sentence. The findings of guilty for the Additional Charge and its Specifications are set aside, and that Charge and the Specifications are dismissed. The remaining findings of guilty are affirmed. The record is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for reassessment of the sentence, or for a rehearing on sentence, if necessary.

---

[8] We further note that the Government's brief before this Court did not address prejudice. The Government attempted to remedy this omission one day before oral argument by filing a letter citing supplemental authority under C.A.A.F. R. 36A, in which it identified three cases relating to the issue of prejudice "should this Court find insufficient notice of the lesser included offense." *See* Citation to Supp. Authority by the United States, *United States v. Riggins*, No. 15-0334 (Oct. 26, 2015). This was not a proper use of Rule 36A because the rule is not intended to provide a party with the opportunity to present entirely new arguments. *See* C.A.A.F. R. 36A (requiring explanation as to why supplemental citations are significant by referring "to the page of the earlier filed pleading"). If a party believes that this Court should consider a new argument, it must seek permission to file a supplemental brief under C.A.A.F. R. 30. *See* C.A.A.F. R. 36A Rules Advisory Committee Comment (2007), 72 Fed. Reg. 67,597, 67,599 (2007) (noting that Rule 36A is not to "become a vehicle for unauthorized supplemental briefing"); C.A.A.F. R. 36A Rules Advisory Committee Comment (1999), 64 Fed. Reg. 35,633, 35,634 (1999) (noting that a party should seek leave of this Court if supplemental briefing is appropriate).