# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ANTHONY T. POWELL**
**United States Army, Appellant**

ARMY 20150562

Headquarters, 7th Infantry Division
Jeffery D. Lippert, Military Judge (arraignment & motions hearing)
Craig S. Denny, Military Judge (motions hearing & trial)
Colonel Robert F. Resnick, Staff Judge Advocate (pretrial)
Lieutenant Colonel James W. Nelson, Acting Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA; Captain Michael A. Gold, JA (on brief); Lieutenant Colonel Melissa R. Covolesky, JA; Captain Katherine L. DePaul, JA; Captain Michael A. Gold, JA (on reply brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Lieutenant Colonel Kirsten M. Dowdy, JA (on brief).

16 January 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of assault consummated by a battery, as a lesser-included offense (LIO) of abusive sexual contact, and one specification of adultery in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2012 & Supp. I 2014). The panel sentenced appellant to a bad-conduct discharge and reduction to the grade of E-4. The convening authority approved the sentence as adjudged.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant's counsel assigned four errors, two of which merit discussion and relief. Appellant also raised two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which are now moot based on our disposition of the assigned errors.

After review of the entire record, we find the military judge failed to advise the panel properly on the LIO, and find no evidence of prejudice to good order and discipline in the armed forces regarding the adultery specification. Therefore, we provide relief in our decretal paragraph.

## LAW AND DISCUSSION

### A. *Assault Consummated by Battery*

The question of whether the members were properly instructed is a question of law, and thus, review is de novo. *United States v. Maynulet*, 68 M.J. 374, 376 (C.A.A.F. 2010). Where there is no objection to an instruction at trial, as in this case, we review for plain error. *United States v. Tunstall*, 72 M.J. 191, 193 (C.A.A.F. 2013). "'Under a plain error analysis, the accused has the burden of demonstrating that: (1) there was error, (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Payne*, 73 M.J. 19, 23 (C.A.A.F. 2014) (quoting *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011)).

Our superior court has concluded in similar cases that assault consummated by battery is a LIO of *wrongful* sexual contact. *United States v. Bonner*, 70 M.J. 1, 1-3 (C.A.A.F. 2011). However, assault consummated by battery is not necessarily a LIO of *abusive* sexual contact. *See United States v. Riggins*, 75 M.J. 78, 83-85 (C.A.A.F. 2016) (finding assault consummated by battery was not a LIO of abusive sexual conduct as it was charged in that case because the latter did not include as an element lack of consent). Therefore, before instructing members about a potential LIO, the military judge must conduct an elements test, applying the normal rules of statutory interpretation and construction, to "determine whether the elements of the LIO would necessarily be proven by proving the elements of the greater offense." *United States v. Wilkins*, 71 M.J. 410, 412 (C.A.A.F. 2012). The military judge must then include in the instructions a "description of the elements of each [LIO] in issue . . . ." Rule for Courts-Martial 920(e)(2). The Benchbook further recommends that the members "be advised in order of diminishing severity of the elements of each [LIO] and its differences from the principal offense and other lesser offenses, if any." Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 2-5-10 (10 Sept. 2014). Here, the military judge erred (1) when he failed to conduct an elements test, particularly regarding lack of consent; and (2) when he failed to advise the members of the elements of the LIO.

In Specification 1 of Charge I, appellant was charged with a violation of Article 120, UCMJ, for abusive sexual contact, as follows:

> In that [appellant] did, at or near Lakewood, Washington
> on or about 27 July 2014, commit sexual contact upon

2

Ms. [AT], to wit: touching Ms. [AT]'s face with his penis, and did so by causing bodily harm to her, to wit: using the weight of his body to restrain Ms. [AT].

The military judge explained the elements of abusive sexual contact and then provided the following instruction:

The offense charged in Specification 1 of Charge I is abusive sexual contact, and the lesser included offense is assault consummated by battery. It differs in that the offense charged requires an element that you must be convinced beyond a reasonable doubt that the accused committed sexual contact upon Ms. [AT], to wit: touching Ms. [AT]'s face with his penis, whereas the lesser offense of assault consummated by battery does not include that element.

The panel found appellant guilty of an assault consummated by battery, in violation of Article 128, UCMJ.

Some of the instructions for other offenses may have included elements that pertain to the LIO. The elements for the LIO, however, were not provided as required. This omission by the military judge was plain and obvious error that materially prejudiced a substantial right of the appellant. If the panel members had been provided the elements of the LIO, the result may have been different.

### B. Adultery

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

The Specification of Charge IV alleged appellant, a married man, on or about 27 July 2014, wrongfully had sexual intercourse with Ms. AT, a woman not his wife,

3

"and that said conduct was to the prejudice of good order and discipline in the armed forces." It is uncontroverted that appellant and Ms. AT met on a dating website and dated for about two months. After they broke up in late June 2014, appellant and Ms. AT did not see each other until 27 July 2014. Ms. AT testified that appellant told her he was married and that they engaged in sexual intercourse the first time they met. It is also uncontroverted that appellant and his wife had been separated for about two years. Ms. AT reported that on 27 July 2014, appellant committed various sexual acts and assaulted her.[*] Ms. AT testified that some of her friends in the military knew that she and appellant were engaging in sexual intercourse during the two months they were dating in May and June. However, no evidence was elicited relating to anyone's knowledge of sexual intercourse on 27 July 2014 as charged, or that such conduct was prejudicial to good order and discipline. Without such evidence, this specification is legally and factually insufficient.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are set aside. The charges are DISMISSED. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Appellant was found not guilty of two specifications of sexual assault in violation of Article 120, UCMJ; one specification of sodomy in violation of Article 125, UCMJ; and two specifications of assault consummated by a battery in violation of Article 128, UCMJ. One Article 128, UCMJ, offense was dismissed. All of these events were alleged to have occurred on or about 27 July 2014.

4