# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant RICARDO M. BLENMAN**
**United States Army, Appellant**

ARMY 20180177

Headquarters, 8th Theater Sustainment Command
Kenneth W. Shahan, Military Judge
Lieutenant Colonel Ryan B. Dowdy, Staff Judge Advocate

For Appellant: Major Todd Simpson, JA; Captain Rachele A. Adkins, JA; Robert Feldmeier, Esquire (on brief); Robert Feldmeier, Esquire (on supplemental brief and reply brief)

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA; Major Marc B. Sawyer, JA (on brief).

23 October 2019

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

Per Curiam:

In this appeal, we consider appellant's assertion the military judge erred by instructing the members that assault consummated battery was a lesser-included offense (LIO) of aggravated sexual contact. Finding merit in this claim, we set aside appellant's conviction for assault consummated by battery, but affirm the remaining findings of guilty and the sentence. [1]

---

[1] Appellant raised this issue in a supplemental brief after first raising it pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Because we resolve this

(continued . . .)

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of aggravated sexual contact and two specifications of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2012) [UCMJ]. The panel acquitted appellant of one specification of aggravated sexual contact, but convicted him of assault consummated by battery as a LIO under Article 128, UCMJ. The panel sentenced appellant to a dishonorable discharge, confinement for thirty-six months, and reduction to the grade of E-1, a sentence later approved by the convening authority.

## BACKGROUND

Appellant's daughter, RB, alleged that appellant touched her inappropriately on four occasions from April 2014 to May 2017. She further alleged that the incidents took place in a similar pattern wherein appellant first gave her a "remedy" for the purpose of incapacitating her. The remedy consisted of a liquid administered in a cup, which smelled like Malibu rum, paired with a light red and white oval tablet that instantly dissolved. The "remedy" made the victim feel drowsy, causing her to fall asleep. In the first three of these incidents, RB awoke to appellant touching her buttocks and breasts. These occurrences formed the basis for two specifications of abusive sexual contact and one specification of aggravated sexual contact.

In the last of these incidents, Specification 1 of The Charge, the government alleged appellant committed aggravated sexual contact against RB in May 2017. At trial, RB testified appellant entered her room with a cup containing the "remedy." Appellant put the cup to RB's lips and told her to drink. After twice refusing the drink, RB opened her mouth, drank the liquid in the cup, and took pills, which appellant described as "vitamins." Soon after taking the "remedy," RB left her house with a friend and went to a party, where she experienced the effects of the concoction appellant made her ingest. She returned home early the next morning and went to bed. She awoke later that morning groggy, only to find appellant touching her buttocks. Appellant took RB's hand and placed it on his exposed penis. RB claimed to perceive the feeling of a penis, based upon instruction she received in sexual education classes, although she had never actually touched a penis; she described the object she touched as a "wet cylinder", "slimy" but "not moist," and couldn't tell if it was erect.

---

(. . . continued)
issue in favor of appellant, we need not address his claim the military judge erred by admitting a prior consistent statement by the victim, RB, under Military Rule of Evidence 803(d)(1)(B)(ii), as this statement related to the battery conviction. After due consideration, we find appellant's remaining assignments of error – factual insufficiency and dilatory post-trial processing – lack merit.

At the close of the evidence, trial counsel asked the military judge to provide the members, for each of the specifications, instructions for the "lesser-included" offense of assault consummated by battery. Defense counsel, without elaborating, objected to this instruction. The military judge overruled defense counsel's objection and provided the members an instruction for assault consummated by battery as a lesser-included offense of each of the charged offenses. The members convicted appellant of Specifications 2 through 4 of The Charge as charged, but, as to Specification 1 of The Charge, found appellant guilty of assault consummated by battery.

## LAW AND DISCUSSION

Appellant asserts assault consummated by battery, under the facts of this case, is not a lesser-included offense of aggravated sexual contact. We agree.

"Whether an offense is a lesser included offense is a question of law that is reviewed do novo." *United States v. Tunstall*, 72 M.J. 191, 193 (C.A.A.F. 2013) (citation omitted).

"The due process principle of fair notice mandates that 'an accused has a right to know what offense and under what legal theory' he will be convicted." *United States v. Jones*, 68 M.J. 465, 468 (C.A.A.F. 2010) (quoting *United States v. Medina*, 66 M.J. 21, 26-27 (C.A.A.F. 2008))). Article 79, UCMJ, provides "[a]n accused may be found guilty of an offense necessarily included in the offense charged." In determining what is "necessarily included" in a charged offense, and thus whether an appellant was on notice to defend against a lesser charge, we apply an "elements test." *Jones*, 68 M.J. at 472. This test is applied in two ways: by comparing the statutory definitions of the greater and lesser offenses; and, by examining the specification of the charged offense. *United States v. Armstrong*, 77 M.J. 465, 469-70 (C.A.A.F. 2018).

### A. Statutory Definitions of the Two Offenses

In comparing the statutory definitions to the charged offense, "[a]n offense is a lesser included offense if each of its elements is necessarily also an element of the charged offense." *Armstrong*, 77 M.J. at 469. In conducting this analysis, we "apply normal rules of statutory interpretation and construction to 'determine whether the [lesser included offense] would necessarily be proven by proving the elements of the greater offense.'" *United States v. Riggins*, 75 M.J. 78, 83 (C.A.A.F. 2016) (quoting *United States v. Gaskins*, 72 M.J. 225, 235 (C.A.A.F. 2013)).

In Specification 1 of The Charge, the government alleged appellant committed aggravated sexual contact under Article 120, UCMJ, as follows:

In that [appellant], did, on the island of Oahu, Hawaii, on or about 31 May 2017, cause [RB] to touch, directly, the genitalia of [appellant] by administering to her a drug, intoxicant, or other similar substance by force or threat of force, thereby substantially impairing her ability to appraise or control her conduct, with an intent to arouse or gratify the sexual desire of any person.

As alleged here, the elements of aggravated sexual contact, as defined by the President, are:

(i) [appellant] committed sexual contact upon [RB] by ... or causing [RB] to touch, . . . directly . . . ., the genitalia . . . of [appellant];

(ii) [appellant] did so by administering to [RB] by force or threat of force . . . a drug, intoxicant, or other similar substance and thereby substantially impair[ed] the ability of [RB] to appraise or control conduct; and

(iii) [appellant] did so with the intent to . . . arouse or gratify the sexual desire of any person.

*See Manual for Courts-Martial, United States* (2016 ed.) [*MCM*], pt. IV, ¶45.b.(5)(e). The word "force" means: "(A) the use of a weapon; (B) the use of such physical strength or violence as is sufficient to overcome, restrain, or injure a person; or (C) inflicting physical harm sufficient to coerce or compel submission by the victim." *MCM*, pt. IV, ¶45.a.(g)(5). As defined here, the force applies to the administration of the intoxicant, or the "remedy," which substantially impaired the ability of RB to appraise or control the conduct, not to the touching of appellant's penis.

As instructed by the military judge, the elements of assault consummated by battery, as presented to the members, were: (1) that appellant did bodily harm to RB, by picking up her hand and placing it on his penis; and (2) that the bodily harm was done with unlawful force or violence. *See MCM*, pt. IV, ¶54.b.(2). "Bodily harm" means "any offensive touching of another, however slight." *MCM*, pt. IV, ¶54.c.(1)(a). This offense requires the bodily harm be accomplished "without legal justification or excuse and without the lawful consent of the person affected." *Id.*

While the elements test does not require the two offenses to use identical statutory language, the elements of the lesser-offense must be a subset of the charged offense. *See United States v. Bonner*, 70 M.J. 1, 2 (C.A.A.F. 2011) (citation omitted). Here, we do not find all of the elements of assault consummated by

4

battery are a subset of the charged offense. Comparison of the statutory elements of these two offenses, as charged, shows that there are elements in the battery offense that are not contained in the aggravated sexual contact offense.

First, aggravated sexual contact, as alleged, does not require bodily harm, or an offensive touching. Simply, as alleged, the offense of aggravated sexual contact required proof the accused touched the victim for the purpose of gratifying the sexual desires of any person. By contrast, assault consummated by battery required bodily harm by unlawful force or violence, or an offensive touching.[2]

Second, assault consummated by battery requires the bodily harm be accomplished without legal justification or excuse and without the lawful consent of the person affected. Put another way, "lack of consent is an element of assault consummated by battery." *Riggins*, 75 M.J. at 83 (citing *United States v. Johnson*, 54 M.J. 67, 69 n.3 (C.A.A.F. 2000)). Consent, or lack of consent, is not an element of aggravated sexual contact as alleged in this case.

Accordingly, looking at just the elements, assault consummated by battery is not a lesser-included offense of aggravated sexual contact in this case.

---

[2] The government asserts the force used in aggravated sexual contact is necessarily "unlawful force," relying upon *United States v. Thomas*, 74 M.J. 563, 567 (N.M. Ct. Crim. App. 2014) (stating "unlawful force is not a separate, distinct, and lesser type of force that can sustain a conviction for rape."). By extension, this rationale would apply to aggravated sexual contact.

We find this argument misplaced given the specific nature of the allegation in *Thomas*, wherein the accused was charged with "rape committed by 'unlawful force,'" and the issue before that court involved an instruction, not a LIO. *Id.* at 566-67. Rape, like aggravated sexual contact, can be committed in one of five ways. *See MCM*, pt. IV, ¶45.a.(a)(1)-(5), ¶45.a.(c). One method is by the use of "unlawful force" against the person. *MCM*, pt. IV, ¶45.a.(a)(1). "Unlawful force" means "an act of force done without legal justification or excuse." *MCM*, pt. IV, ¶45.a.(g)(6). The military judge in *Thomas*, only instructed the members on the definition of "unlawful force;" our sister court determined the offense of rape by unlawful force required both the statutory definitions of "force" and "unlawful force." *Thomas*, 74 M.J. at 567. Put in this context, *Thomas* is not helpful to the resolution of the question before this court.

### B. Language of the Specification

While the charging language may ensure an offense is "necessarily included" in the charged offense, *Armstrong*, 77 M.J. at 472, such is not the case here. The government argues the charging language in this case served to include assault consummated by battery.

First, the government asserts that the government explicitly alleged appellant used "unlawful force" "to effectuate his assaults of RB." This argument, much like the elements test, fails, as a plain reading of the specification only asserts appellant administered an intoxicant by force. The government charged appellant with aggravated sexual contact following the model specification provided in the *MCM*. *See MCM*, pt. IV, ¶45.b.(5)(e). As noted above, "force" is a defined term which, standing alone, is separate and distinct from "unlawful force," as required for assault consummated by battery.

Second, the government asserts the language of the charge sheet notified appellant he would have to defend against assault consummated by battery because, essentially, appellant's administration of an intoxicant, by force, was a step in a course of conduct that caused RB to touch his penis. This argument likewise fails. The government cannot assert on one hand that assault consummated by battery, presented to the members as appellant forcing RB to touch his penis, is a lesser included offense of a different act, that of forcing RB to ingest an intoxicant.[3] Even if there was language in the charged specification that would allow for this interpretation (which there was not), this would not be a LIO, but a different theory of criminality.

Accordingly, we do not find the language of aggravated sexual contact, as alleged, necessarily included in the offense of assault consummated by battery.

### C. Prejudice

We find appellant's "conviction for assault consummated by battery violated his 'constitutional rights to notice and to not be convicted of a crime that is not [a lesser included offense] of the offense[s] which [Appellant] was charged.'" *Riggins*, 75 M.J. at 85 (quoting *United States v. Girouard*, 70 M.J. 5, 10 (C.A.A.F. 2011)). "A constitutional error is harmless when it appears beyond a reasonable doubt that

---

[3] The government correctly notes the military judge had one of two possibilities in addressing assault consummated by battery as a lesser offense; that for forcing RB to drink "the remedy;" and that for causing RB to touch his penis. Without deciding whether the former approach would have constituted a LIO, we note it would still suffer the problems associated with the first prong of the elements test.

the error complained of did not contribute to the verdict obtained." *Id.* (quoting *Mitchell v. Esparza*, 540 U.S. 12, 17-18 (2003)). Given that we conclude the members should not have been given the option of assault consummated by battery as a LIO, appellant's conviction for that offense was clearly prejudicial. Accordingly, we grant relief in our decretal paragraph.

## CONCLUSION

The finding of guilty as to Specification 1 of The Charge is SET ASIDE and DISMISSED. The remaining findings of guilty are AFFIRMED. In accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), we are able to reliably reassess the sentence on the basis of the error noted. First, our action reduces the maximum punishment to confinement that could have been imposed from thirty-four years and six months to thirty-four years. Second, the remaining offenses capture the gravamen of the appellant's offenses; sexually abusing his daughter. Finally, although this was a members' trial, we are familiar with the nature of the offenses for which appellant stands convicted and are confident that, notwithstanding the dismissed specification, the members would have adjudged a sentence of at least a dishonorable discharge, confinement for thirty-six months, and reduction to the grade of E-1. Accordingly, the sentence is AFFIRMED.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

7

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Sergeant RICARDO M. BLENMAN**
**United States Army, Appellant**

ARMY 20180177

------------------------------------------------------------
NOTICE OF COURT-MARTIAL ORDER CORRECTION
------------------------------------------------------------

IT IS ORDERED THAT, to reflect the true proceedings at the trial of the above-captioned case,

GENERAL COURT-MARTIAL ORDER NUMBER 8, HEADQUARTERS, 8TH THEATER SUSTAINMENT COMMAND, FORT SHAFTER, HAWAII 96858, dated 25 September 2018,

IS CORRECTED AS FOLLOWS:

BY reflecting the Plea to Charge I and its Specification as "None."

BY reflecting after the words "Charge II," the following: "[renumbered as The Charge]."

DATE:  23 October 2019

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court