# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant KORTNEY R. MARBURY**
**United States Army, Appellant**

ARMY 20140023

Headquarters, United States Army Alaska
Timothy Grammel, Military Judge (arraignment)
Jeffery D. Lippert, Military Judge (trial)
Colonel Tyler J. Harder, Staff Judge Advocate (pretrial)
Colonel Erik L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather Tregle, JA; Captain Jennifer K. Beerman, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

29 November 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

PENLAND, Judge:

Appellant was charged with one specification of sexual assault,[1] to which he pleaded not guilty. The military judge, contrary to appellant's plea, found him guilty of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. The military judge

---

[1] The Charge and its Specification alleged the following sexual assault:

> In that [appellant], United States Army, did, at or near Joint Base Elmendorf-Richardson, Alaska, on or about 16 February 2013, commit a sexual act upon Specialist (E-4) [SLH], to wit: penetrating Specialist (E-4) [SLH's] vulva with his penis, when [appellant] knew or reasonably should have known that Specialist (E-4) [SLH] was unaware that the sexual act was occurring.

sentenced appellant to reduction to E-1, two months hard labor without confinement, and a bad-conduct discharge. The convening authority approved all but the hard labor portion of the sentence.

We review this case under Article 66, UCMJ. Appellant assigns three errors: the military judge erred in finding abusive sexual contact is a lesser-included offense of sexual assault; the military judge's finding of guilty is ambiguous, thus precluding this court from conducting a factual sufficiency review; and, the military judge created a fatal variance when, through special findings, he substantially changed the nature of the offense. The first assigned error merits discussion and relief, rendering the second and third moot.

**FACTS**

Specialist (SPC) SLH testified she passed out at a fellow soldier's home after a night of excessive alcohol consumption. She testified appellant woke her up by shaking her and calling her name. Finally, she said she became upset when she noticed appellant was simultaneously engaged in sexual intercourse with her. After reporting appellant's misconduct, SPC SLH underwent a Sexual Assault Nurse Examination (SANE). A government expert forensic biologist testified she examined a swab taken from SPC SLH's breast and detected amylase thereon. The expert was able to extract a mixture of deoxyribonucleic acid (DNA) profiles from the amylase; one of the profiles was consistent with appellant's DNA.

After hearing evidence and deliberating on the verdict, the military judge found appellant "Not Guilty of sexual assault, but guilty of abusive sexual contact." Before appellant presented his pre-sentencing case, the military judge acknowledged potential confusion which may have resulted from his "finding that [appellant] was guilty of a lesser-included offense . . . ." The military judge, sua sponte, announced special findings:

> The Court finds that...[appellant] committed sexual contact upon [SPC SLH], to wit: touching areas of her body, including her bare breast or breasts, with some part or parts of his body, with the intent to gratify his sexual desires and that [appellant] did so when he knew or reasonably should have known that [SPC SLH] was asleep, unconscious, or otherwise unaware that sexual contact was occurring.
>
> The Court finds there is insufficient evidence to find, beyond a reasonable doubt, that [appellant's] penis penetrated [SPC SLH's] vulva, anus, or mouth.

2

## LAW AND DISCUSSION

After reviewing the matter de novo and applying the elements test,[2] we find that abusive sexual contact is not a lesser-included offense of sexual assault under the facts and circumstances of this case. The elements of abusive sexual contact include specific intent, which is not an element of the penetrative sexual assault as charged. Additionally, the specified elements here described appellant's penetrating another soldier's vulva with his penis; the specification did not encompass a scenario in which appellant touched another soldier's breast with an unknown part or parts of his body.

A charge and specification serve a crucial constitutional purpose, informing a soldier of the legal and factual ground on which he may prepare to defend. Convicted of a crime that the military judge erroneously perceived as "included" in the charged offense, appellant was denied his right to due process.[3] The government has not met its burden to prove beyond a reasonable doubt that this constitutional error was harmless. *See United States v. Flores*, 69 M.J. 366, 369 (C.A.A.F. 2011).

## CONCLUSION

The findings of guilty and the sentence are set aside. The Charge and its Specification are DISMISSED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] *United States v. Riggins*, 75 M.J. 78, 82-83 (C.A.A.F. 2016).

[3] The following from *Riggins* concisely states the problem: "This lack of notice was exacerbated in the instant case by the fact that the military judge developed and applied what was, in essence, a new legal theory—one that was never charged or argued by the Government—in the middle of his own deliberations in this case." *Riggins*, 75 M.J. at 84.