# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MICHAEL A. UPDEGROVE**
**United States Army, Appellant**

ARMY 20160166

Headquarters, 7th Infantry Division
Sean F. Mangan, Military Judge (arraignment)
Kenneth W. Shahan, Military Judge (trial)
Lieutenant Colonel James W. Nelson, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Timothy G. Burroughs, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA (on brief).

23 January 2017

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

On appeal, appellant claims that one of the images to which he pled guilty is not child pornography. Reviewing the image, we are easily satisfied that the image constitutes child pornography as a matter of fact and law. We nonetheless briefly address how we, as an appellate court, approach the issue so that our reasoning is transparent.

## BACKGROUND

At a general court-martial appellant pleaded guilty to several sexual offenses involving five different underage girls. With four children, appellant engaged in indecent communications that constituted a lewd act in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter UCMJ].

Appellant asked four girls to send him naked pictures of themselves in various states of undress and sometimes performing sexual acts. For this, appellant was charged with four specifications of possessing child pornography in violation of Article 134, UCMJ.[1] Finally, appellant threatened two of the girls, in violation of Article 134, UCMJ, that he would publish their nude pictures. In one case, the threat was conditioned on her sending additional pictures of her genitals. With the other, the threat was conditioned on her responding to his text messages. For this conduct, appellant was charged with two specifications of communicating a threat. The military judge sentenced appellant to a bad-conduct discharge, confinement for forty-two months, and a reduction to the grade of E-1. The convening authority approved the sentence.

## LAW AND DISCUSSION

Appellant challenges the providence of his plea to Specification 5 of Charge II, which alleged he wrongfully possessed child pornography, being that of an image of OC, a minor under eighteen years of age. During the *Care*[2] inquiry the military judge correctly defined the elements for wrongful possession of child pornography. Appellant then admitted that the picture of OC met the military judge's definition of a lascivious exhibition of the genitals of a minor. When asked why he thought so, appellant stated "[b]ecause it has a focal point of her vagina, so it depicts the genitalia and only the vagina. It's not artistic or for scientific purposes or anything like that, sir." Appellant then further admitted that the image was intended to elicit a sexual response in the viewer, and that in his case that was the actual and intended result. The facts elicited in the *Care* inquiry were consistent with appellant's stipulation of fact.

The colloquy between appellant and the military judge adequately established his guilt to the offense. Had that been the end of it, there would be no likely issue on appeal. The government is not required to introduce evidence of appellant's guilt when an accused enters a plea of guilty. The question appellant raises, as we see it, is whether the introduction by the government of the actual photograph created a "substantial basis" to question the providence of appellant's plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In other words, even if appellant's *Care* inquiry adequately established his guilt, if a non-pornographic photograph is

---

[1] As part of appellant's pretrial agreement with the convening authority the specifications alleging that appellant produced and distributed child pornography were dismissed and two specifications alleging he possessed child pornography were dismissed.

[2] *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

introduced by the government as substantive evidence of the offense, such evidence may undermine confidence in appellant's plea.

We begin the analysis with a brief discussion on the standard of review. On appeal, appellant argues that we must review whether the image constitutes child pornography de novo. We disagree. In *United States v. Morris*, No. 15-0206, 2015 CAAF LEXIS 685 (July 15, 2015) (unpub.), our superior court reviewed as a question of *fact* whether the Navy-Marine Corps Court of Criminal Appeals determined an image was child pornography. In general, we review a military judge's acceptance of a guilty plea for an abuse of discretion. *United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015) (citation omitted). In reviewing a military judge's decision to accept a guilty plea, "we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. That is, appellate review of a guilty plea is often a mixed question of law and fact.

The image in question is of one victim's nude genitals. The stipulation of fact describes it as "[n]ude close up vagina of [C]." The picture is taken from below, making the genitals more clearly visible. The girl's genitals and midriff take up the entire photo and it is framed with the genitals in the center of the image. There is no visible pubic hair. The child's mons pubis and labia are prominent and clearly visible.[3]

---

[3] All parties at trial referred to the picture depicting the girl's "vagina." As appellant notes on appeal, this is technically incorrect. By definition, the vagina is "a canal in a female mammal that leads from the uterus to the external orifice of the genital canal." *Vagina*, merriam-webster.com/dictionary/vagina (last visited Jan. 6 2017). However, we commonly encounter cases, especially during the testimony of lay witnesses, where the term vagina is used to mean the female genitals. At trial, appellant used the term vagina or "vag" to indicate the genitalia of his victims. It would appear that courts too have been imprecise in their use of the term. *See e.g. United States v. Swift*, ARMY 20100196, 2015 CCA LEXIS 581, at *2 (Army Ct. Crim. App. 22 Dec. 2015) (". . . appellant rubbed his four-year-old daughter's vagina over her clothing while they were cleaning the inside of the family van."); *United States v. Riggins,* 75 M.J. 78, 80 (CAAF 2016) ("Appellant placed his hand on LCpl MS's vagina over her clothing . . . ."); *United States v. Gamble*, 27 M.J. 298, 301 (C.A.A.F. 1988) ("[Appellant] touched [the victim's] vagina on the outside of her underwear."); *United States v. Cox*, 45 M.J. 153, 157 (C.A.A.F. 1996) (". . . [victim] indicated she had been spanked by her father on the buttocks and vagina.").

Appellant argues on appeal that we should evaluate the photo independent of appellant's statement during the *Care* inquiry and argues that the photo is not lascivious. However, this ignores the facts admitted by appellant at trial. During his *Care* inquiry, appellant admitted the genitals were the focal point of the image (a fact) and that the photo had no "artistic" or "scientific" purpose (a fact). The photo is consistent with appellant's admissions. Appellant further admitted that the image was "lascivious". While "the definition of 'lascivious' is a matter of law which we review *de novo*" the "question of whether the pictures fall within the statutory definition is a question of fact." *United States v. Wiegand*, 812 F.2d. 1239, 1244 (9th Cir. 1987) (citation omitted). Accordingly, we see no basis to question the factual or legal basis of appellant's plea. Whether viewed as a stand-alone image, or viewed in context with appellant's admissions at trial, the image is child pornography.

In asking that we come to the opposite conclusion, appellant directs our attention to two cases. In *United States v. Roderick*, 62 M.J. 425, 429-30 (C.A.A.F. 2006) the Court of Appeals for the Armed Forces (CAAF) adopted the *Dost* factors. *See United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom. *Wiegand*, 812 F.2d 1239. There the CAAF adopted the approach of federal courts in determining "whether a particular photograph contains a 'lascivious exhibition' by combining a review of the *Dost* factors with an overall consideration of the totality of the circumstances." *Roderick*, 62 M.J. at 430. Included in the "totality of the circumstances" was evidence outside the four corners of the image to include appellant's admissions of downloading and possessing "numerous images of child pornography" and "morning rituals" of viewing and presumably masturbating to child pornography. *Id.* Thus, *Roderick* clearly stands for the proposition that the "circumstances" surrounding how the image was taken and how it was possessed are part of the "totality of the circumstances" that may be considered in determining whether an image constitutes child pornography.

Subsequently, in *United States v. Moon*, the CAAF held that an accused's subjective beliefs, however, cannot turn non-pornographic images into pornographic images. 73 M.J. 382, 389 (C.A.A.F. 2014). By way of example, and citing to *Moon*, appellant argues that advertisements in a Sears catalog, such as those portraying children, do not become pornographic merely because an accused is sexually excited by them. *See Id.* at 389. "When a picture does not constitute child pornography, even though it portrays nudity, it does not become child pornography because it is placed in the hands of a pedophile, or in a forum where pedophiles might enjoy it." *United States v. Villard*, 700 F. Supp. 803, 812 (D.N.J. 1988), *aff'd*, 885 F.2d 117 (3d Cir. 1989) (citation omitted).

Appellant argues that *Moon* effectively overruled *Roderick*. That is, appellant reads *Moon* as prohibiting the consideration of evidence outside of "the four corners

of the image" when determining whether an image constitutes lasciviousness. We do not think it is necessary to read the two cases to be in conflict.

*Moon* prohibits subjective determinations of whether an image is child pornography thereby avoiding the hornet's nest of First Amendment problems that concerned the court in that case. However, we do not read *Moon* as prohibiting evidence of how the offense was committed (i.e. "the circumstances") when determining the totality of the circumstances. That is, *Moon* does not overrule *Roderick's* holding that the objective facts surrounding the circumstances of the image's creation may be considered.

Here, the image in question was taken by the victim at appellant's behest, and only after engaging in a series of communications. Appellant stipulated to the following facts:

> The Accused first contacted Miss [OC]. . . through Facebook. She was 16 years old and told the Accused that. Soon after initiating contact the Accused began asking for sexually suggestive pictures, which she sent. On or about 28 February 2014, the Accused asked Miss [OC] for a nude photograph. When he didn't receive a response after three hours, he threatened her as follows: "So I'm going to be a dick and start sending out ur pics. One for every hour u don't text." Miss [C] finally agreed to send fully nude, sexually explicit images of her breasts and vagina to him.

Although we would find the image to be lascivious standing alone, considering the totality of the circumstances the lasciviousness of the image is grossly apparent.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN AND Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5