# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
POND, JUETTEN, and STEELE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant JONATHAN E. TYERS**
**United States Army, Appellant**

ARMY 20230549

Headquarters, 1st Armored Division and Fort Bliss
Clay M. West and Scott Z. Hughes, Military Judges
Colonel Andrew D. Flor, Staff Judge Advocate

For Appellant: Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Major Eleanor Morales, JA (on brief).

For Appellee: Colonel Richard E. Gorini, JA; Lieutenant Colonel Kevin M. Bohlke, JA; Major Justin L. Talley, JA; Captain Nicholas A. Schaffer, JA (on brief).

22 September 2025

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

STEELE, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2019) [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for forty days. The convening authority approved the findings and sentence as adjudged.

This case is now before us for review under Article 66, UCMJ. Appellant raises two assignments of error, only one of which merits discussion but no relief.

## BACKGROUND

Appellant was charged with one specification of abusive sexual contact and two specifications of assault consummated by a battery, in violation of Articles 120

and 128, UCMJ, 10 U.S.C. §§ 920 and 928 (2019). Appellant entered into a plea agreement with the convening authority in which he would plead guilty to three specifications of assault consummated by a battery. One of which, The Specification of Charge I, the result of a constructive referral,[*] stated:

> "In that [Appellant], U.S. Army, did, at or near El Paso, Texas, on or about 31 May 2022, unlawfully touch Specialist ████, on her torso, with his hand."

Appellant argues his plea to The Specification of Charge I, assault consummated by a battery, is improvident because the military judge erred when he did not clarify appellant's statements during the providence inquiry that he touched the victim to get her attention in light of the President's explanation in the Manual for Courts-Martial that it is "not a battery to touch another to *attract the other's attention* or to prevent injury." *Manual for Courts-Martial, United States*, pt. IV, ¶ 77.c(3)(d) (2019) [hereinafter *MCM*] (emphasis added). We disagree.

In a stipulation of fact—signed by both parties and admitted at trial—appellant stipulated to the following facts:

> On 31 May 2022, just after lunch, appellant and the victim were in the Alpha Battery, 4th Battalion, 27th Field Artillery Regiment training room, where three other soldiers were also present. In open view of the other soldiers, appellant approached the victim and touched her on her upper torso with his hand. After appellant touched the victim, another soldier asked appellant, "Did you just touch her?" The victim took no action to provoke appellant into touching her, nor did she provide him with any reason to believe she had consented to being touched.

During appellant's guilty plea, after advising appellant of the elements and definitions of the offense, the military judge asked appellant, "why did you touch her on the chest without her consent?" To which he responded, "my intent was to get her attention because I was in the training room for a reason. And she was having a conversation with somebody. So I was trying to get her attention. I kind of pat [sic] her, like right here." After clarifying appellant touched the victim on her chest just above her breast with his hand, the military judge asked, "and to get her

---

[*] A constructive referral is the "functional equivalent" of the referral of a charge that has neither been preferred nor referred to court-martial but to which an accused may nevertheless plead guilty so long as the convening authority agrees, such as through the acceptance of a pretrial agreement. *See generally United States v. Wilkins*, 29 M.J. 421, 424 (C.M.A. 1990).

attention, you decided to directly touch her chest?" After appellant responded, "Yes, Your Honor," the military judge proceeded to inquire about bodily harm, whether the victim consented, and if there was a mistake of fact as to consent. Appellant clearly indicated the victim did not consent and would not have consented to the touching. The military judge then conducted a lengthy colloquy during which appellant explained why the touching of the victim was unreasonable, to include the touching occurring in an "inappropriate place...[e]specially in a professional work environment."

Appellant unequivocally stated that he knew—based on the area he touched—his touching was not appropriate and the victim would be offended. When specifically asked by the military judge if his "actions were reasonable under the circumstances," appellant said, "No, Your Honor," and further stated that "it was not an okay thing to do" because "she was married and...lower enlisted." Most importantly, during this lengthy colloquy, the military judge asked appellant, "if you were to have touched her on her shoulder, anyone, it wouldn't matter if she was a PV1 as long as it's like you tapped him on the shoulder to get their attention. What about this touching is unreasonable? Take a minute, talk to your... attorney." Appellant responded on multiple occasions that the unreasonableness of his touching resulted from the "[l]ocation...where [he] touched her on her chest," and that it was "around the sensitive area of the breast." After appellant affirmatively responded that his actions were unlawful, committed with unlawful force or violence, and the bodily harm was done unlawfully, the military judge, satisfied with the providence inquiry, accepted appellant's guilty plea.

## LAW AND DISCUSSION

This court reviews a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citation omitted). "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *United States v. Care*, 18 U.S.C.M.A. 535, 539, 40 C.M.R. 247, 253 (1969) (citations omitted). Thus, at trial, the military judge must ensure the accused understands the facts supporting his guilty plea; must be satisfied the accused understands the law applicable to these facts; and must ensure the accused himself believes he is guilty. *See United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008); *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002).

"If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency

or reject the plea." *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (citations and internal quotations omitted); *see also* Article 45(a), UCMJ. "An affirmative defense to a charged offense would, by definition, constitute a matter inconsistent with the plea of guilty and therefore the military judge must resolve . . . or reject the plea." *United States v. Hayes*, 70 M.J. 454, 458 (C.A.A.F. 2012) (citation and internal quotations omitted). However, not every mitigating statement or word necessitates further inquiry, and a military judge is not required to reopen providence and inquire further when an accused raises the "mere possibility of a defense." *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007) (citations omitted) (cleaned up). If the accused raises a possible defense, the military judge is required to make further inquiry and resolve any apparent ambiguity or inconsistency. *United States v. Phillippe*, 63 M.J. 307, 310-11 (C.A.A.F. 2006); *Shaw*, 64 M.J. at 462. In deciding whether a plea is rendered improvident by statements inconsistent with the plea, the sole question is whether the statement was inconsistent, not whether it was credible or plausible. *United States v. Lee*, 16 M.J. 278, 281 (C.M.A. 1983).

The three elements of assault consummated by a battery are (1) that the accused did bodily harm to a certain person; (2) that the bodily harm was done *unlawfully*; and (3) that the bodily harm was done with force or violence. *MCM*, pt. IV, ¶ 77.b.(2). According to the President's explanation in the MCM, it is "not a battery to touch another to attract the other's *attention* or to prevent injury." *Id.* at ¶ 77.c.(3)(d) (emphasis added). As our fellow service court of criminal appeals noted "this *de facto* defense" is not specifically listed among the defenses within R.C.M. 916. *United States v. Baird*, No. ACM 39739, 2020 CCA LEXIS 468, *18 (A.F. Ct. Crim. App. 28 Dec. 2020) (unpublished opinion). While not a listed defense, we find the President's explanation is relevant to the element of unlawfulness. "Unlawful force or violence means that the accused wrongfully caused the contact, in that no legally cognizable reason existed that would excuse or justify the contact." *United States v. Bonner*, 70 M.J. 1, 3 (C.A.A.F. 2011). In *Johnson*, our superior court recognized that legal excuses or justifications, such as consent and mistake of fact, may negate the offensiveness of the contact. *United States v. Johnson*, 54 M.J. 67, 69 (C.A.A.F. 2000). Thus, we find the Manual's explanation is entitled to some deference. *See also United States v. Wilson*, 76 M.J. 4, 6 (C.A.A.F. 2017) ("when the President's narrowing construction of a statute does not contradict the express language of a statute, it is entitled to some deference, and we will not normally disturb that construction").

While appellant raised an inconsistency during his providence inquiry for The Specification of Charge I—by stating that he touched the victim to get her attention—we find the military judge sufficiently resolved the inconsistency. Appellant's responses raised a potential legal excuse or justification, relevant to whether his conduct was unlawful. However, upon further questioning appellant explained his touching of the victim "around the sensitive area of the breast," was an

unreasonable means of getting her attention. Through the military judge's questioning, appellant distinguished his touching from the example the military judge provided of touching someone on the shoulder to get his or her attention, emphasizing how the location of the touching made appellant's conduct wrongful. That is, no legally cognizable reason existed that would excuse or justify appellant touching the victim around the sensitive area of her breast to get her attention. Appellant's attempt to minimize his conduct is not unusual. *See United States v. Clark*, 28 M.J. 401, 406 (C.M.A. 1989) (noting "the well-known tendency of human beings to rationalize their behavior"). The military judge here, however, conducted a lengthy and detailed providence inquiry during which appellant provided a substantial factual basis to meet each element of assault consummated by a battery, specifically indicating through his responses that his actions were unlawful and without any legal justification or excuse.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge POND and Judge JUETTEN concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

5